Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JORGE L. FIGUEORA HERNÁNDEZ<br><br>PARTE RECURRENTE<br><br>v.<br><br>MUNICIPIO DE SAN JUAN<br><br>PARTE RECURRIDA | TA2026RA00276 | *Revisión Adminsitrativa* procedente de la Comisión Apelativa del Servicio Público.<br><br>Querella Núm. SM26000014<br><br>Sobre: Comisión Apelativa del Servicio Público. (CASP). |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece ante nos el señor Jorge L. Figueroa Hernández (en adelante el "Recurrente") mediante un Recurso de Revisión instado el 27 de mayo de 2026. En su recurso, nos solicita que revoquemos la Resolución emitida por la Comisión Apelativa del Servicio Público (en adelante "Comisión" o ¨CASP¨) el 28 de abril de 2026.

Por los fundamentos que expondremos a continuación se confirma la Resolución del CASP. Exponemos el trasfondo factico y procesal que acompaña la presente controversia.

**I.**

El 6 de octubre de 2025, el Recurrente presentó una Querella en contra del Colegio Universitario de San Juan en la Oficina de Administración de Recursos Humanos y Relaciones Laborales del Municipio de San Juan.[1] En su escrito adujo que es el único tutor y empleado regular de carrera y no ha tenido la oportunidad de crecer profesionalmente en su actual ubicación.[2] En específico señala que un ¨evento constitutivo que [da] lugar a la presente acción cabe

---

[1] Véase Apéndice del Recurso de Revisión Judicial, pág. 5.
[2] *Íd.*

destacar que en esta propuesta se libera un empleo de director, aquí el Promovente, en esta ubicación y a pesar de los años de servicios no tuvo la mínima posibilidad de aspirar, porque solo puede ser ocupada por contratistas¨. [3]

El 9 de febrero de 2026, el Municipio de San Juan replicó a la Querella, en la cual estableció que después de haber realizado las investigaciones correspondientes:

> No se confirmó señalamiento alguno de discrimen, acoso laboral o que usted estuviera ubicado erróneamente en su área de trabajo. Usted tiene un puesto de Tutor el cual es pagado con fondos de la propuesta federal TRIO *Student Support Services*. Las intervenciones y pronunciamientos emitidos por la Querelladas dirigidos a su persona se han realizado dentro del marco de las funciones que estas tienen delegadas en el Colegio Universitario de San Juan. [4]

El 26 de febrero de 2026, el Apelante presentó una Apelación ante la Comisión. [5] En su escrito destaco que en su Querella original versaba sobre tres (3) asuntos principales, estos son: ubicación administrativa errónea, imputación de salarios a fondos federales y los niveles de supervisión fragmentados. En lo que respecta a la ubicación administrativa impugnada lo vincula con el principio del mérito y señala que esto lo restringe para propósitos de movilidad profesional dentro del servicio de carrera. Asimismo, señala que ¨[d]icha estructura limita el desarrollo profesional del apelante y *sus posibilidades de aspirar* a oportunidades administrativas dentro del servicio regular de carrera¨. (Énfasis suplido).[6]

El 28 de abril de 2026, la Comisión Apelativa de Servicio Público emitió una Resolución en la cual desestimo el caso, debido a que:

> De las alegaciones presentadas por la parte promovente no surgen hechos que conlleven la concesión de un remedio, ya que este foro no tiene la facultad para ordenar a la parte promovida cuál será su estructura

---

[3] *Íd.*, pág. 8.
[4] *Íd.*, pág. 13.
[5] *Íd.*, pág. 15.
[6] *Íd.*, pág. 18.

organizacional, ni establecer cuál será la fuente de pago de la cual compensara al promovente por su trabajo.[7]

Además, estableció que no tenía jurisdicción sobre los reclamos del recurrido, dado a que, no se ubicaban dentro del principio de mérito.[8]

El 4 de mayo de 2026, el Recurrente formuló una Moción de Reconsideración.[9] Dicha Moción de Reconsideración fue declarada ¨No Ha Lugar¨ por la Comisión Apelativa del Servicio Público el 6 de mayo de 2026. [10]

Inconforme con esta determinación, el 27 de mayo de 2026, el Recurrente presentó un Recurso de Revisión Judicial ante este foro apelativo y realizo los siguientes señalamientos de errores:

1. Error al declarar falta de jurisdicción.
2. Error al no evaluar integralmente el impacto estructural de la controversia planteada.
3. Error al denegar la Moción de Reconsideración sin análisis sustantivo.
4. Inobservancia del estándar jurídico aplicable para evaluar las alegaciones del recurrente.

**II.**

**A. Jurisdicción**

La jurisdicción ha sido definida como el poder o autoridad que tienen los tribunales o agencias administrativa para resolver los casos y controversias. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 709 (2014). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007).

Los tribunales tienen el deber de examinar su propia jurisdicción como la del foro de donde se apela una determinación. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Asimismo, se ha expuesto que los tribunales tienen que ser celosos

---

[7] *Íd.*, pág. 30.
[8] *Íd.*, pág. 29.
[9] *Íd.*, pág. 34.
[10] Véase Sum. TPI. Ent. Núm 2.

guardianes de su jurisdicción debido a que los asuntos relacionados con estas son privilegiadas. *Ruiz Camilo v. Trafon Group*, Inc. 200 DPR 254, 268 (2018). Cuando se cuestiona la jurisdicción por alguna de las partes o cuando no ha sido planteada por estas, el tribunal debe evaluar y examinar con rigurosidad el asunto jurisdiccional, dado que este incide en el poder de adjudicar una controversia. *Íd.*

El Tribunal Supremo en *MCS Advantage, Inc., v. Fossas Blanco et al*, 211 DPR 135, 146 (2023) expuso que la falta de jurisdicción ocasiona las siguientes consecuencias:

> (1)No es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco este puede arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio* [por su propia iniciativa].

Si el tribunal entiende que no tiene jurisdicción para atender un caso corresponde declararlo y desestimarlo sin entrar en los méritos de la controversia. *Íd.*

### B. Comisión Apelativa del Servicio Público.

El Art. 4 del Plan de Reorganización de la Comisión Apelativa del Servicio Público Núm. 2 – 2010 crea la Comisión Apelativa de Servicio Público como un ente adscrito a la Rama Ejecutiva de carácter cuasi judicial que se enfoca en asuntos obreros – patronales y del principio de mérito en torno a casos laborales, de administración de recursos humanos y de querellas a empleados que negocian al amparo de la Ley Núm. 45 – 1998 y Ley Núm. 184 – 2004. 3A LPRA Ap. XIII.

El Art. 12 del Plan de Reorganización Núm. 2-2010, 3A LPRA Ap. XIII, establece cual será la jurisdicción apelativa de la Comisión. En específico el articulo dispone lo siguiente:

La Comisión tendrá jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se enumeran a continuación:

(a) Cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la secs. 1451 et seq. De este título, conocidas como ´Ley de Relaciones del Trabajo del Servicio Público, alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la secs. 1649 et seq. del Título 3, las secs. 7001 et seq. del Título 21, conocidas como ´Código Municipal de Puerto Rico, los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores individuales para dar cumplimiento a la legislación y normativa aplicable.

(b) Cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito.

(c) Cuando un empleado irregular alegue que la autoridad nominadora se ha negado injustificadamente a realizar su conversión a empleado regular de carrera, según dispone las secs. 711 a 711g de este título, conocidas como ´Ley de Empleados Irregulares´.

(d) Cuando un Administrador individual alegue que una acción, omisión o decisión de la Oficina es contraria a las disposiciones generales de la Ley Núm. 184 de 3 de agosto de 2994, en las áreas esenciales al principio de mérito.

(e) La Comisión tendrá jurisdicción sobre el personal docente y clasificado del Departamento de Educación y el personal civil de la Policía de Puerto Rico, que no estén sindicados bajo las secs. 1451 et seq. de este título.

(f) La Comisión podrá tener jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de la Ley Núm. 184 de 3 de agosto de 2004, y las corporaciones públicas que operen como negocio privado que se sometan voluntariamente al proceso apelativo y adjudicativo de la Comisión. El procedimiento y costo para que puedan acogerse a esta jurisdicción se establecerá, mediante reglamento.

(g) Cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos.

En conclusión, la Comisión Apelativa del Servicios Público es un organismo cuasi adjudicativo con jurisdicción apelativa para resolver los casos y controversias ante su consideración de carácter apelativo relacionados a los funcionarios públicos del Gobierno de Puerto Rico que surgen como consecuencias de acciones o decisiones de los Administradores individuales y los municipios en

cuanto a las acciones de personal relacionadas con el principio de mérito. *Colón Rivera et al v. ELA*, 189 DPR 1033 (2013).

El Plan de Reorganización, *supra* en su artículo 3 inciso (u) define el principio de mérito como un:

> Concepto de que todos los empleados públicos serán seleccionados, ascendidos, retenidos y tratados en todo lo referente a su empleo sobre la base de la capacidad, sin discrimen por razones de raza, color, sexo, nacimiento, edad, origen o condición social, ni por sus ideas políticas o religiosas, por ser víctima o ser percibida como víctima de violencia doméstica, agresión sexual o acecho, condición de veterano, ni por impedimento físico o mental la antigüedad será un factor en casos de igual capacidad e idoneidad. 3A LPRA Ap. XIII.

Por otro lado, el Art. 6.1 de la Ley Núm. 8 – 2017 para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico establece cuales son las áreas esenciales en torno al principio de mérito, aplicables al Sistema de Administración y Transformación de los Recursos Humanos del Servicio Público con excepción del servicio de confianza. Estos principios son los siguientes: 1. Clasificación de puestos 2. Reclutamiento y Selección 3. Ascensos, Traslados y Descensos 4. Adiestramiento, y 5. Retención. 3 LPRA sec. 1472a.

**III.**

El 27 de mayo de 2025, el Recurrente presentó un Recurso de Revisión Judicial ante la Comisión. En su escrito realizo cuatro (4) señalamientos de errores siendo el primero sobre jurisdicción. Previo a entrar en los méritos de la controversia debemos evaluar si la Comisión tenía jurisdicción apelativa para atender la Querella correspondiente. A nuestro entender no le asiste la razón al Recurrente de que la Comisión tenía jurisdicción para atender su Recurso Apelativo.

El Recurrente escuetamente en su escrito estableció que la Comisión tenía jurisdicción. En específico señaló que:

La resolución recurrida concluye erróneamente que los asuntos planteados no constituyen áreas esenciales del principio de mérito y escapan su jurisdicción.

El Principio de Mérito, según el Artículo 3, inciso 35 y la Sección 6.1 de la Ley Núm. 8 del 4 de febrero de 2017, comprende, entre otros aspectos, los procesos de ascenso, traslado y desarrollo profesional dentro del servicio de carrera. En controversia con dicho principio, la estructura administrativa en la cual se encuentra el recurrente – ubicado en una propuesta federal junto a empleados contratistas – ha operado como una limitación sostenida a su desarrollo profesional. Estas limitaciones se han manifestado en el pasado, persisten en el presente y continúan restringiendo sus oportunidades reales de crecimiento dentro de su carrera, afectando directamente su movilidad profesional y la aplicación uniforme del sistema de mérito.[11]

Como señala el Recurrente tanto el Art. 3 inciso (U) de el Plan de Reorganización, *supra* como el Art. 6.1 de la Ley Núm. 8 – 2017 vinculan el principio de mérito con los Ascensos, Traslados y Descensos. Pero, el recurrente más allá de mencionar que ha tenido unas limitaciones tanto en el pasado como en el presente que le afecta su desarrollo profesional no, nos pone en posición de como se le ha limitado a él algún tipo de ascenso.

Según se desprende del expediente, en la Apelación presentada ante la Comisión el Recurrente menciona una limitación a ¨*sus posibilidades de aspirar* a oportunidades administrativas dentro del servicio regular de carrera¨. (Énfasis suplido). El recurrente prematuramente busca impugnar una mera posibilidad de un puesto regular de carrera y no una determinación desfavorable hacia su persona sobre un puesto de mayor jerarquía el cual cuenta con los méritos correspondiente. Además, menciona como parte de su querella que parte de su causa de acción gira en torno a que un puesto de Director solo puede ser ocupado por contratistas. Si el marco normativo del gobierno local es que el puesto sea ocupado por un contratista y el Recurrente no es uno,

---

[11] Véase Ent. Sum. TA. Núm. 1.

en nada incide en el principio de mérito, dado a que no cumple con los requisitos establecidos. Al no existir una contravención al principio de mérito la Comisión no tenía jurisdicción para atender al Recurso de Apelación. No habiendo jurisdicción no es necesario entrar en los méritos de los demás señalamientos de errores.

## IV.

Por los fundamentos antes expuestos, se confirma la Resolución emitida por el CASP.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez emite opinión particular escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JORGE L. FIGUEORA HERNÁNDEZ  PARTE RECURRENTE | | *Revisión Adminsitrativa* procedente de la Comisión Apelativa del Servicio Público. |
|---|---|---|
| v. | TA2026RA00276 | Querella Núm. SM26000014 |
| MUNICIPIO DE SAN JUAN  PARTE RECURRIDA | | Sobre: Comisión Apelativa del Servicio Público. (CASP). |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez

## VOTO PARTICULAR DE LA JUEZA GRANA MARTÍNEZ

El Reglamento del Tribunal de Apelaciones dispone que el escrito de revisión contendrá entre otras; un señalamiento breve y conciso de los errores que, a juicio de la parte recurrente, cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida y, una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables. 4 LPRA Ap. XXII-b, Reg. 59 (c) (e) y (f). De igual manera, la argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de los recursos de revisión.4 LPRA Ap. XXII-B, Reg. 59 (c)(2).

Concuerdo con las expresiones del Municipio de San Juan en su Moción de Desestimación, en cuanto a que no se nos ha colocado en posición de tan siquiera entender lo que a mi juicio son alegaciones generalizadas carentes de hechos específicos que sustenten las alegaciones sin respaldo de fuentes de derecho violadas y su discusión.

El recurrente cita en su primer error el principio de mérito y alega que su trabajo, como parte de una propuesta federal junto a empleados contratistas, ha operado como una limitación sostenida a su desarrollo profesional. Para el recurrente las limitaciones

restringen sus oportunidades reales de crecimiento dentro de su carrera, afectando directamente su movilidad profesional y la aplicación uniforme del sistema de mérito. Este error no está sustentado con una descripción de hecho específica que nos permita entender que oportunidad, si alguna, perdió el recurrente por ser un empleado de carrera. Tampoco incluye una discusión fundamentada en derecho que incluya hechos y las fuentes de derecho en que se sustenta.

Por otro lado, en su segundo error plantea que la Comisión Apelativa del Servicio Público (CASP) erró al no evaluar integralmente el impacto estructural de la controversia planteada, pues redujo la controversia exclusivamente a asuntos meramente operacionales y administrativos.

Ciertamente, los argumentos presentados en su Querella ante CASP no permiten otra solución, por los mismos fundamentos que mencionamos anteriormente. El recurrente arguyó en su Querella que su ubicación como único tutor con nombramiento de carrera, toda vez que los demás empleados, tutores, supervisores y otros eran todos empleados pagados con fondos federales provenientes de una propuesta federal, no permitía su crecimiento profesional. Aunque cita el Código de Administración de Asuntos de Personal del Municipio de San Juan, Artículo 7.6., sección 6.1, no abunda en como su ubicación actual como empleado regular junto a contratistas bajo la propuesta federal mina sus derechos. Como remedio solicitó que se rectificara la fuente de ingresos de fondos federales a fondos recurrentes del MSJ, se le ubicara fuera de la propuesta federal y se aclarara la cadena de mando. Por último, solicitó daños sin especificar cual era el daño específico sufrido más allá de sus alegaciones de trabajar con empleados cuyos sueldos se pagan con fondos federales y no son del servicio de carrera del Municipio. También reclamó que la directora de la propuesta

federal, Karen M. Rivera Carrasquillo, quien tampoco era empleada de carrera del Municipio, era supervisora de los empleados que no eran de carrera como él, en ocasiones le había dado instrucciones. Instrucciones que, a su entender, no procedían pues su supervisora lo es la decana de estudiantes, Yarleen González Peña. En fin, este cuestiona la autoridad de la señora Rivera Carrasquillo para supervisarle, pues a su entender, es contrario a la regulación municipal sin indicar el artículo específico cuya violación alega. Alegó también que recibe trato desigual y falta de equidad de parte de la Sra. González, razón por la cual presentó una Denuncia por Represalia Laboral. Así, sostiene que la Sra. González imparte directrices distintas al aquí Promovente sobre un mismo asunto en comparación del resto de los empleados regulares. De igual manera, alegó que la posición de Director estuvo disponible y no tuvo la mínima posibilidad de aspirar, porque solo puede ser ocupada por contratistas. Afirma que todos los empleados contratistas tienen la oportunidad de crecer profesionalmente en su actual ubicación, con excepción del aquí Promovente por este ser un empleado regular equívocamente ubicado en una propuesta federal causando daños irreparables. Solicitó que se evaluara si se ha aplicado en su contra un trato contrario al debido proceso de ley. Posteriormente, suplementó su querella solicitando que se pagara su salario con fondos regulares y recurrentes del Municipio de San Juan, como empleado regular de carrera; que se le confirmara que su trabajo en el proyecto federal no implicara gasto de fondos federales y se ajustara los registros internos y reportes de tiempo para reflejar su clasificación y supervisión de manera que se cumpliera con los requerimientos federales. Concluyó, al igual que lo hizo CASP que, su ubicación actual como empleado de carrera, la fuente de pago salarial y niveles de supervisión fragmentados son asuntos

gerenciales propios del Municipio sobre los cuales CASP no ostenta jurisdicción, según estos han sido expuestos.

En cuanto al tercer y cuarto error, no fueron cometidos. No se trata de una desestimación por falta de plausibilidad sino de ausencia de jurisdicción, circunstancia que es insubsanable. Nuevamente los reclamos generalizados del recurrente ausentes de fundamentos de derecho y violaciones específicas respaldan la conclusión de CASP.

"Es una «norma consolidada en el ámbito de la apelación que las cuestiones a las que se alude de manera superficial, sin que vayan acompañadas de un esfuerzo por desarrollar una argumentación, se consideran renunciadas». Estados Unidos contra Zannino, 895 F.2d 1, 17 (1.º Cir. 1990). Como hemos señalado, «no basta con mencionar un posible argumento de la forma más esquemática, dejando que sea el tribunal el que haga el trabajo del abogado, cree el esqueleto del argumento y le dé cuerpo». Id. «Esta norma se aplica habitualmente [...] contra los argumentos secundarios lanzados descuidadamente a la pared con la esperanza de que alguno se quede pegado». Estados Unidos contra Zayas–Ortiz, 808 F.3d 520, 524 n. 1 (1.º Cir. 2015)." *Snyder v. Collura*, 812 F.3d 46, 54 (2016) (traducción nuestra). Esta es la situación que tenemos ante nos, razón por la cual al igual que mis compañeros de panel, confirmaría la determinación recurrida.

En San Juan, Puerto Rico, a 30 de junio de 2026.


Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones